UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORNELIOUS WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | 05 C 2211 |
| ) | |
| v. ) | Judge George M. Marovich |
| ) | |
| AIRBORNE EXPRESS INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cornelious Williams ("Williams") filed a complaint against defendant Airborne Express Inc. ("Airborne Express") alleging that it terminated his employment on the basis of his race in violation of Title VII of the Civil Rights Act of 1964. Airborne Express now moves for summary judgment based on the principle of judicial estoppel. For the reasons set out below, the Court denies the motion.

**I.     Background**

Unless otherwise noted, the following facts are undisputed.[1]

Williams once worked as a part-time driver for Airborne Express, which delivers freight. On January 14, 2003, Airborne Express terminated Williams's employment. On April 13, 2005, Williams filed his complaint in this case.

---

[1] Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. *See Thomas v. CitiMortgage, Inc.*, Case No. 03 C 6177, 2005 WL 1712266 at *1 n. 1 (N.D. Ill. Jul. 20, 2005); *Perez v. City of Batavia*, Case No. 98 C 8226, 2004 WL 2967153 at *10 (N.D. Ill. Nov. 23, 2004); *see also Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). Where one party supports a fact with admissible evidence and the other party denies the fact without citation to admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004).

Four months after Williams filed this case, he filed a Voluntary Petition for Bankruptcy under Chapter 13 of the United States Bankruptcy Code. As part of the petition, Williams was asked to list and value "contingent and unliquidated claims of every nature," and Williams answered "none." Williams was also asked to list "all suits and proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." Williams listed a foreclosure claim but failed to list this case. Williams attested, under penalty of perjury, that the statements made in his bankruptcy petition were true and correct.

According to the undisputed evidence put forth by the plaintiff, he did not know that he had to list this lawsuit on his bankruptcy filing. Williams met with his bankruptcy attorney once and signed the petition before his attorney filled it out.[2]

The Court takes judicial notice of the fact that on October 20, 2006, the trustee filed a motion to dismiss Williams' bankruptcy case. In the motion to dismiss, the trustee argued that Williams "failed" to "commence making timely plan payments" and "caused an unreasonable delay that is prejudicial to creditors." The bankruptcy judge granted the motion and dismissed Williams' bankruptcy case on October 28, 2005 without ever confirming the Chapter 13 Plan.

---

[2]Airborne Express argues that the facts in this paragraph should be stricken because they are "self-interested." Nothing in Rule 56 of the Federal Rules of Civil Procedure or Local Rule 56.1 precludes the inclusion of self-interested facts. Indeed, most facts listed in a party's statement of facts are likely to be in that party's interest. What the rules require is that the facts be supported by admissible evidence, which, at the summary judgment stage, means the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. Fed. R. Civ. P. 56(c). The Court deems these facts admitted because Williams supported the facts with an affidavit, and Airborne Express failed to controvert them with admissible evidence. *See* Local Rule 56.1; *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). The defendant might have controverted these facts with evidence that, say, Williams had filed prior bankruptcy petitions, which might tend to suggest that Williams knew what he did and did not need to list on his bankruptcy petition.

It is also undisputed that Airborne Express learned during discovery that Williams had failed to disclose this suit in connection with his bankruptcy filing. Airborne Express now asks the Court to apply judicial estoppel and grant summary judgment in its favor.

## II. Summary judgment standard

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. Discussion

Defendant argues that Williams should be judicially estopped from pursuing his employment discrimination claim against it because Williams failed to list the claim in his bankruptcy petition. Judicial estoppel is "intended to protect the courts from the litigatory shenanigans that would result if parties could, without limitation or consequences, swap litigation positions like hats in successive cases based on simple expediency or self-benefit." *Jarrard v. CDI Telecommunications, Inc.*, 408 F.3d 905, 915 (7th Cir. 2005).

The Seventh Circuit recently reviewed the decision of a district court who applied judicial estoppel against a plaintiff who failed to list his claim on a bankruptcy petition. The Seventh Circuit stated that before a court considers the judicial estoppel issue, it should consider the threshold issue of whether the individual or the trustee is the real party in interest. *Biesek v. Soo*

*Line RR Co.*, __ F.3d __, __, 2006 WL 521903 at *2 (7th Cir. Mar. 6, 2006). The Seventh Circuit explained its concern for the trustee and creditors:

> Judges understandably favor rules that encourage full disclosure in bankruptcy. Yet pursuing that end by applying judicial estoppel to debtors' self-contradiction would have adverse effects on third parties: the creditors. [Plaintiff's] nondisclosure in bankruptcy harmed his creditors by hiding assets from them. Using this same nondisclosure to wipe out his FELA claim would complete the job by denying creditors even the right to seek some share of the recovery. . . . Judicial estoppel is an equitable doctrine, and using it to land another blow on the victims of bankruptcy fraud is not an equitable application. Instead of vaporizing assets that could be used for the creditors' benefit, district judges should discourage bankruptcy fraud by revoking the debtors' discharges and referring them to the United States Attorney for potential criminal prosecution.

*Biesek*, at *2. In *Biesek*, the Court concluded that the plaintiff's claim did not belong to him, and, thus, the court did not consider whether it was proper to apply judicial estoppel. *Id.* at *3.

In this case, unlike in *Biesek*, Williams is still the real party in interest with respect to his case against Airborne Express. Williams's voluntary petition was dismissed by the bankruptcy judge before the Chapter 13 Plan was ever confirmed. His debts were never discharged, and no creditor was harmed. Accordingly, Williams retains his claim against Airborne Express, and the Court can consider the judicial estoppel issue without fear of harming creditors a second time. The Court bears in mind, however, other externalities. Applying judicial estoppel would grant a windfall to Airborne Express, which would be absolved not only of the duty of defending itself in this case but also of any potential liability. Ultimately, however, this factor does not matter because judicial estoppel is designed to protect the integrity of the Court, not the litigants.

In certain circumstances, an employment discrimination plaintiff who failed to list the claim in a bankruptcy petition will be judicially estopped from prevailing on the discrimination claim. This, however, is not that situation. In the Seventh Circuit, judicial estoppel applies only where the party prevailed on the prior position. The point of judicial estoppel is "to prevent a party that prevails in one lawsuit on one ground from repudiating that same ground in another

lawsuit." *Jarrard v. CDI Telecommunications, Inc.*, 408 F.3d 905, 914 (7th Cir. 2005). The Seventh Circuit has explicitly rejected a broadening of judicial estoppel to situations where the party did not prevail in the first case. *United States v. Newell*, 239 F.3d 917, 921 (7th Cir. 2001) ("Occasional formulations of the doctrine of judicial estoppel that omit mention of the requirement that there have been a previous judgment . . . are mostly inadvertent, yet there is . . . a minority view, *undesirably loose and clearly not the view of this circuit*, that 'judicial estoppel applies even where no court has accepted the prior assertion if the party taking contrary positions demonstrates an intent to play 'fast and loose' with the courts.'") (emphasis added).[3] Here, Williams's bankruptcy petition was dismissed by the bankruptcy court upon the trustee's motion (which stated that Williams "failed" to "commence making timely plan payments" and "caused an unreasonable delay that is prejudicial to creditors"). Because the bankruptcy court dismissed Williams's case and never confirmed the Chapter 13 Plan, Williams is not judicially estopped from bringing his Title VII claim against Airborne Express.

---

[3]The Court is aware that the Seventh Circuit recently used language that might suggest judicial estoppel could be used where a party previously made an inconsistent argument or asserted an inconsistent fact even if the argument or fact was never accepted by the Court. *See Urbania v. Central States, SE and SW Area Pens. Fund*, 421 F.3d 580, 589 (7th Cir. 2005) (stating that judicial estoppel applied where "(1) the latter position [was] clearly inconsistent with the earlier position; (2) the facts at issue [were] the same in both cases; (3) the party to be estopped [had] *prevailed upon the first court to adopt* the position.") (emphasis added). The case upon which *Urbania* relied, however, made it clear that a party had to prevail in the first court before judicial estoppel could be applied by the second. *United States v. Hook*, 195 F.3d 299, 306 (7th Cir. 1999). Accordingly, the Court does not believe the Seventh Circuit intended to broaden the application of judicial estoppel in *Urbania*.

## IV. Conclusion

For the reasons set forth above, the Court denies defendant's motion for summary judgment. The Court hereby lifts the stay of discovery in this case. The case is set for status on May 17, 2006 at 11:00 a.m.

ENTER:

George M. Marovich
United States District Judge

DATED:04/11/06