UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| CORNELIOUS WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | 05 C 2211 |
| v. | ) | Judge George M. Marovich |
| AIRBORNE EXPRESS INC., | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Cornelious Williams ("Williams") filed a one-count complaint against defendant Airborne Express Inc. ("Airborne Express") alleging that it terminated his employment on the basis of his race in violation of Title VII of the Civil Rights Act of 1964. Airborne Express now moves for summary judgment on the merits. For the reasons set out below, the Court grants defendant's motion for summary judgment.

**I.    Background**

Unless otherwise noted, the following facts are undisputed.[1]

---

[1]Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. *See Thomas v. CitiMortgage, Inc.*, Case No. 03 C 6177, 2005 WL 1712266 at *1 n. 1 (N.D. Ill. Jul. 20, 2005); *Perez v. City of Batavia*, Case No. 98 C 8226, 2004 WL 2967153 at *10 (N.D. Ill. Nov. 23, 2004); *see also Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). Where one party supports a fact with admissible evidence and the other party denies the fact without citation to admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court. Fed. R. Civ. P. 56(c).

Defendant asserts a foundation objection to certain statements in declarations submitted by plaintiff. The Federal Rules of Evidence require foundation for testimony. Rule 602 of the Federal Rules of Evidence provides that a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

Defendant Airborne Express operates a freight delivery business at several locations in and around Chicago. Airborne Express hired Williams, an African-American man, in September 1993 to work in its Franklin Park facility. In or about 1996, Airborne Express transferred Williams to its Chicago facility, where he worked as a full-time driver. By 1999, Williams had become a Union Steward for the International Brotherhood of Teamsters, AFL-CIO, Local No. 705, the union that represents certain Airborne Express employees, including Williams.

During the course of his employment, Williams was disciplined for his conduct on several occasions. For example, in March 2002, Williams was discharged for theft of company time, when he was discovered exercising at the Sears Tower workout facility while on the clock. After the union filed a grievance on Williams's behalf, Airborne Express reduced Williams's discharge to a time-served suspension. The decision to reduce Williams's discharge to a suspension was made by District Field Manager Mark Simpson ("Simpson"), who has a tattoo of the Confederate Flag on his forearm. In August 2002, Williams and a supervisor had a run-in, in which Williams screamed at the supervisor that he was a coward. Williams asked the supervisor what he was afraid of and called him a baby. Williams then screamed to the supervisor to "come out of [his] office" and speak to Williams "like a man." Airborne Express again discharged Williams, but Simpson again agreed (during the grievance process) to reinstate Williams.

Williams was involved with another altercation on January 14, 2003. This time, the altercation was between Williams and Eric Stiverson, an argumentative Field Supervisor who usually worked a different shift from Williams. The altercation started when Williams saw Stiverson handling freight, an act which Williams thought violated the collective bargaining

---

*See* Fed. R. Evid. 602. Thus, in an affidavit, a statement that a witness knows something, without statements about *how* the witness knows that something, is not admissible. *See Ward v. First Federal Savings Bank*, 173 F.3d 611, 618 (7th Cir. 1999); *Drake v. 3M*, 134 F.3d 878, 887 (7th Cir. 1998). The Court has ignored statements that lacked foundation.

agreement between Airborne Express and Local 705. Stiverson said he was conducting a security audit. Williams and another Union Steward, Andre Polk ("Polk"), went into an office to file a grievance. Stiverson followed and asked Williams who he was and whether he was on the clock. An argument ensued that was sufficiently disruptive that customers at the front counter could hear the yelling. Williams raised his voice and did not answer Stiverson's questions. Instead, he told Stiverson, "You know who I am." Stiverson told Williams that he was discharged and asked for his company identification. Williams extended his arms out to his side and said, "Come and get it." Williams and Polk left the office and went to the cafeteria.

Stiverson went to the office of Michael Montgomery ("Montgomery") and asked him to call the police. At the time, Montgomery had worked at Airborne Express as a manager for less than one month. Montgomery telephoned Simpson for advice, and Simpson told Montgomery to get Williams's company identification and ask him to leave the company property. Montgomery and another supervisor, Dean Nickerson ("Nickerson") approached Williams in the cafeteria and asked for his company identification. Williams did not comply. Ultimately, Williams left the facility with his identification. Simpson later conducted an investigation and approved Williams's discharge for gross insubordination and refusal to return company property.

Once again, the union filed a grievance on Williams's behalf. This time, Simpson would not agree to reduce Williams's discharge to a suspension. The grievance proceeded to a subsequent step–the "Six-Man Board"–in the grievance process. The Six-Man Board denied the grievance and upheld the termination of Williams's employment.

Williams believes his discharge was a result of his race and that he was treated less favorably than white employees. He compares himself to white Union Stewards Mark Postilion ("Postilion"), Kyle Hensgen ("Hensgen") and John Caruso ("Caruso"). Caruso was terminated by his Airborne Express supervisor on February 16, 2006. After the union filed a grievance,

Airborne Express refused to reinstate Caruso, the Six-Man Board deadlocked and the case went to arbitration. It is not clear what the result of the arbitration was. Postilion was employed by the union as a Union Representative. Although Airborne Express attempted to discharge Postilion, the discharge was rescinded because he was not an Airborne Express employee. Hensgen was discharged in May 2002 for gross insubordination for pulling a driver from his assigned task in order to fill out a grievance. Simpson reduced Hensgen's discharge to suspension because it was his first offense.

## II.     Summary judgment standard

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.    Discussion

Pursuant to Title VII of the Civil Rights Act of 1964, it "shall be an unlawful employment practice for an employer–(1) to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion sex, or national origin." *See* 42 U.S.C. § 2000e-2(a). A plaintiff may establish discrimination in violation of Title VII either by putting forth direct evidence of discrimination or by following the indirect method under *McDonnell Douglas Corp. v. Green.*, 411 U.S. 792, 802 (1973).

Williams does not claim to offer direct evidence of discrimination. Rather, he follows the indirect method outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To make out a *prima facie* case of race discrimination, a plaintiff must establish that (1) he is a member of a protected class; (2) he was qualified for his position and met the employer's legitimate expectations; (3) he was discharged; and (4) similarly-situated non-class members were treated more favorably. *Brewer v. Board of Trustees of the Univ. of Ill.*, 479 F.3d 908, 915 (7th Cir. 2007). The "burden of establishing a prima facie case of disparate treatment is not onerous." *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). It requires a plaintiff to show that he was "rejected under circumstances which give rise to an inference of unlawful discrimination" and the "standard is not inflexible" because facts vary in different cases. *Burdine*, 450 U.S. at 253 and n.6. If the plaintiff makes out a *prima facie* case of discrimination, "the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its decision." *Rudin*, 420 F.3d at 724. "If the employer does articulate such a reason, then 'the plaintiff must show by a preponderance of the evidence that the employer's proffered reasons were merely a pretext for discrimination.'" *Rudin*, 420 F.3d at 724. "To do this, the employee must establish that the explanation is a lie, which permits a jury to infer that the tale has been concocted to conceal an unlawful truth. It is not enough to demonstrate that the employer was mistaken, inconsiderate, short-fused, or otherwise benighted; none of those possibilities violates federal law. Poor personnel management receives its comeuppance in the market rather than the courts." *Yindee v. CCH Inc.*, 458 F.3d 599, 602 (7th Cir. 2006) (internal citations omitted).

Here, plaintiff fails to make out a *prima facie* case of discrimination, because he fails to show that similarly-situated white employees were treated more favorably. Although the plaintiff mentions individuals who he argues are similarly situated, plaintiff has failed to put

forth sufficient evidence. First, plaintiff puts forth no evidence that Caruso was similarly-situated, because he does not put forth any evidence as to the conduct Caruso engaged in before his discharge. Furthermore, Caruso was not treated more favorably, because he, like Williams, was discharged and not reinstated. Second, Postilion was not similarly-situated because he was not an Airborne Express employee. The third employee to whom Williams compares himself is Hensgen, who was treated more favorably in that his discharge for gross insubordination was reduced to a suspension after the union filed a grievance on his behalf, while Williams's discharge was not reduced. Plaintiff has failed to show that Hensgen was similarly-situated, however, because the undisputed evidence shows that Hensgen's gross insubordination was a first offense. Williams's offense, by contrast, was at least his third offense. Williams had previously been discharged for exercising while he was supposed to be working and for getting into an altercation with a supervisor. Simpson had reduced Williams's discipline–from discharge to suspension–for those previous incidents.

In any event, Airborne has put forth a legitimate, non-discriminatory reason for Williams's discharge: he was insubordinate in refusing to answer Stiverson's questions and belligerent in refusing to return the company's identification card when asked repeatedly for it. Williams's fails to show that this reason is pretext for discrimination. Perhaps Stiverson was quick to tell Williams he was discharged when he refused to answer Stiverson's questions, but the issue is not whether Stiverson was short-fused. It is whether he was discriminating on the basis of race. There is no evidence that Stiverson did not honestly believe that Williams refused to answer his questions. To the contrary, the undisputed evidence is that Williams, in fact, failed to answer his questions. Likewise, there is no evidence that Simpson did not honestly believe that Williams failed to answer Stiverson's questions and refused to return the company's identification card when asked for it. To the contrary, the undisputed evidence is that Williams

failed to answer Stiverson's questions and refused to return his company identification when asked for it. Williams has failed to put forth sufficient evidence to show that Airborne Express's legitimate, non-discriminatory reason for his discharge was pretext for discrimination.

Airborne Express is entitled to judgment as a matter of law. The Court grants Airborne Express's motion for summary judgment on plaintiff's Title VII claim.

## IV. Conclusion

For the reasons set forth above, the Court grants defendant's motion for summary judgment on plaintiff's claim for race discrimination under Title VII.

ENTER:

George M. Marovich
United States District Judge

DATED: April 27, 2007